IN THE UNITED STATES
FOR THE NORTHERN DISTRICT

LAMAR GARRETT,
    Movant,

vs.

UNITED STATES OF AMERICA,
    Respondent.

FILED
JUL 1 0 2008
7-10-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No. 07-CR-725-1 (WA)

Memorandum of law and facts pursuant to 28 U.S.C. §2255 motion.

## MEMORANDUM OF LAW AND FACTS

**NOW COMES** Movant, Lamar Garrett (herein, "Garrett") appearing pro-se and respectfully bring before this Honorable Court this Memorandum of Law and Statement of Facts in support of Garrett's contention pursuant to 28 U.S.C. §2255. Garrett supports his contentions as follows:

### BACKGROUND

Garrett was charged in the Northern District of Illinois by information in case number **07-CR-725-1** with one (1) count of violating federal criminal offense code 156 pursuant to 18 U.S.C. §1344, alleging bank fraud

On December 20, 2007, Garrett was arraigned on the charge of information, pled guilty and was released on bond.

On April 10, 2008, Garrett was subsequently sentenced to a term of 12 months and 1 day imprisonment along with a term of 60 months supervised release after release from imprisonment.

Garrett did not appeal. However, Garrett re-confers jurisdiction on the sentencing court pursuant to callateral attack under 28 U.S.C. §2255 ¶(1) contending he is in custody in violation of the Laws and Constitution of the United States.

## GENERAL PRINCIPLES

Relief under §2255 is "reserved for extraordinary situation." Brecht vs. Abrahamson, 507 U.S. 619, 633-34 (1993). A criminal defendant may attack the validity of his sentence under §2255 only if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. See §2255 ¶(1) supra.

It is tacit that a §2255 motion "is neither a recapulation of nor a substitute for a direct appeal." See Olmstead vs. United States, 55 F. 3d 316, 319 (7th Cir. 1995). Therefore;

[a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good **cause** for the failure to raise the claims on direct appeal and actual **predjudice** from failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice. See Reed vs. Farley, 512 U.S. 339, 354 (1994).

There are three types of issues that cannot be raised standing alone in a section 2255 motion:

(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; unless the section 2255 petitioner demonstrates cause for procedural default as well as actual prejudice from the failure to appeal.

However, the procedural default has been held to be inapplicable to claims presented pursuant to ineffective assistance of counsel. See Massaro vs. United States, 538 U.S. 500 (2003)

## INEFFECTIVE ASSISTANCE OF COUNSEL

As mentioned above, one of the most common methods of raising issues that might otherwise be barred in a §2255 motion is for a movant to claim that counsel was ineffective at trial, at sentencing, or on direct appeal. To succeed on an ineffective assistance of counsel claim, a movant must demonstrate: (1) defi-

2

cient performance by counsel and (2) resulting prejudice from the deficient performance. Strickland vs. Washington, 466 U.S. 688, 694 (1984). To show this deficient performance by counsel, a movant bears the "heavy burden" of showing that counsel's performance fell well outside the range of proffessionally competent representation. United States vs. Moya-Gomez, 860 F.2d 706, 763-64 (7th Cir. 1988). However, in making this assessment, a court must employ a "highly deferental laws, including a strong presumption that counsel's conduct [fell] within 6the wide range of reasonable proffessional assistance." United States ex rel. Partee vs Lane, 926 F. 2d 694, 700 (7th Cir. 1991).

To satisfy the "predjudice" component, a petitioner must show that the errors committed by counsel rendered his conviction or sentencing fundamentally unfair or the result unreliable. See Lockhart vs. Fretwell, 506 U.S. 364 (1963); Nichols vs. United States, 75 F.3d 1137, 1141 (7th Cir. 1996). Finally, "[a] Court does not have to analyze both prongs of the Strickland test. A [petitioner's] failure to satisfy either prong is fatal to his claim." Ebbole vs United States, 8 F.3rd 530, 533 (7th Cir. (1993) (citations omitted).

### DEFENDANT WAS ILLADVISED ON CONSQUENCES OF HIS SENTENCE PURSUANT TO HIS PROVIDING SUBSTANTIAL ASSISTANCE TO THE GOVERNMENT

The Sixth Amendment of the United States Constitution Guarantees in all criminal prosecution the accused the right to have the Assistance of competent counsel for his defense. Garrett was denied the right to this guarantee under the Sixth Amendment.

Garrett was apprised by his Trial/Sentencing Counsel that if

he pled guilty in conjunction with cooperating with the Government that Garrett would recieve a sentence of probation and a term of two (2) years supervision. However, Counsel failed to inform Garrett that the Court was not bound by any agreement she (Counsel) had negotiated with the Government on behalf of Garrett. Therefore, during sentencing when Garrett pled to the Court that **"he still hoped to recieve a probationary sentence"**, the Court gave pause, however, Garrett's oral pleading to the court was pursuant to Counsel's advise that the consequences would result in a term of probation. Garrett was never informed he would be imprisoned. A competent counsel would have made Garrett aware that it was pursuant to a motion by the Government in which the Court is given the authority to impose a probationary sentence and two year term of supervised release. See 18 U.S.C. §3553(e) and United States Sentencing Guidelines chapter five §5k1.1. However, the Government elected an imprisonment sentence upon its oral motion during sentencing and Counsel for the defense failed to object to the Government's recommendation upon her knowing she had negotiated a term of probation and two years supervised release. Counsel's failure to object prejudiced Garrett where he now has to serve a sentence of imprisonment pursuant to a negotiation of probation.

   As demonstrated above, Garrett's claim that Trial/Sentencing Counsel was deficient in her performance when advising Garrett to provide substantial assistance to the Government in the prosecution of another person in exchange for a sentence of probation substantiates ineffective assistance of counsel when Garrett recieved

a prison sentence without any objection from defense Counsel.

    I Lamar Garrett state under penalty of perjury as defined in 28 U.S.C. §1746 pursuant to the law of the United States of America that the foregoing statements contained in this MEMORANDUM are true and accurate.

    This Memorandum of Law and Statement of Facts pursuant to 28 U.S.C. §2255 was executed this 7th day of July, 2008.

Respectfully Submitted

*[signature: Lamar Garrett]*
LAMAR GARRETT, Pro-Se
REG. NO. 19947-424
FEDERAL PRISON CAMP
PMB 1085
Oxford, Wisconsin 53952-1085