IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LAMAR GARRETT,
        Movant.

vs.

UNITED STATES OF AMERICA,
        Respondent.

Case No. 08C 3929

Motion Under Federal Rules
of Civil Procedure (Fed.R.
Civ.Pro.) Rule 15(c)(2).

FILED
JUL 31 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION TO SUPPLEMENT PLEADING
PURSUANT TO 28 U.S.C. §2255

NOW COMES, Movant, Lamar Garrett (herein, "Garrett") appearing pro se and respectfully bring this motion before the Honorable Court to supplement 28 U.S.C. §2255 action under Civil Rule 15(c)(2). Because the Court has already placed action to show cause, of which the Respondent has not done so, Garrett ask for leave to supplement in the event the court deem it appropriate. Garrett presents the following in support of supplement pleading:

DISCUSSION:

This pleading is properly styled. Fed.R.Civ.Pro. Rule 15(c)(2) is appropriate if it does not assert a new ground supported by facts different from those in the original pleading and would escape the general one year time limit under 28 U.S.C. §2244(d)(1)(a) of **AEDPA**. See Mayle vs. Felix, 545 U.S. 644 (2005).

Garrett asserts, this supplemental pleading arose from the same conduct, transaction and occurrences presented in his orginal pleading for collateral challenge pursuant to 28 U.S.C. §2255. Garrett adds that his Sixth Amendment guarantee to the United States Constitution was violated when his Trial/Sentencing Counsel deprived him of the right to effective assistance of counsel when that counsel abandon him during an interview in preperation for a grand jury hearing.

Because of defense Counsel's abscense, Garrett was put under duress by the Government and compelled into self-incrimination. The Government forced Garrett to answer questions about his criminal activity. However, this was not the purpose of the interview! Garrett was meeting with the Govrnment to provide substantial assistance in the prosecution of another person by testifing before a grand jury. However, Garrett was prejudiced by his counsel's absence because that counsel allowed Garrett to be vulnerable to the Government's questioning where he was forced to incriminate himself.

    Garrett further asserts, he informed his counsel of the inconsistency of questioning in the grand jury interview and in the Presentence Investigation Report (PSR) and that defense Counsel repudiated his contention. However, during sentencing defense Counsel even acted to secure the conviction for the Government when Garrett was ask by the Court had Counsel gone over the PSR with him and adequately explained it. Garrett assests, he was not allowed to answer the Court's inquiry because of Counsel's impetuous action to answer for him. Had Garrett been allowed to answer the Court's imquiry he would have apprised the Court that he had not engaged in criminal activity for the time span alleged in the PSR.R. Garrett was forced into a submissive position due to his counsel's impetuous response to an inquiry of Garrett by the Court. In truth, Counsel's deficient performance caused the Court to wrongfully evaluate the charachteristies of Garrett.

    Trial/Sentencing Counsel's deficiencies asserted in this supplement motion in conjunction with those asserted in the original

§2255 motion substantiate Garrett was denied his constitutional guarantee to effective assistance of counsel. A competent counsel would not have allowed its client to be he subject of selfincrimination, would not have secure the conviction and most of all, would have pursude its negotiation of probation. Because defense Counsel did not render assistance in these areas effectuates ineffectiveness of counsel.

## CONCLUSION

Pursuant to the foregoing broached above, Garrett respectfully request this Court, if it deem it appropriate, grant leave to supplement this motion in relation back to the core of the original pleading.

I, Lamar Garrett state under penalty of prejury as defined by 28 U.S.C §1746 pursuant to the law of the United States of America that the foregoing statements contained in this SUPPLEMENTAL MOTION are true and accurate.

This motion pursuant to Fed.R.Civ.Pro. Rule 15(c)(2) was executed this 18th day of July 2008.

Respectfully Submitted,

*Lamar Garrett*
LAMAR GARRETT Pro-Se
Reg. No. 19947-424
Federal Prison Camp
PMB 1085
Oxford, Wisconsin 53952-1085

CERTIFICATE OF SERVICE

I Lamar Garrett certify under penalty of purjury as defined by 28 U.S.C. §1746 that the foregoing **MOTION** PURSUANT TO **Fed.R.Civ. Pro. Rule 15(c)(2)** excuted **JULY 18, 2008**, was placed insided the designated legal mailbox first-class postage affixed at the Federal Prison Camp; Oxford, Wisconsin on this 18th day of July, 2008. In the same fashion a true and correct copy was sent to:

OFFICE OF THE UNITED STATES ATTORNEY
ATTN:   Juliet Soreson Asst. U.S. Atty.
219 South Dearborn Street
Chicago, Illinois 60604

Respectfully Submitted

_____
LAMAR GARRETT
Pro-Se