UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR GARRETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | No.    08 CV 3929 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT LAMAR GARRETT'S
PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following response to Lamar Garrett's petition to vacate, set aside, or reduce his sentence.

**Introduction**

Defendant alleges that his Sixth Amendment right to the effective assistance of counsel was violated during the sentencing stage of the prosecution because defense counsel advised defendant Garrett that he would receive a sentence of probation if he pled guilty.  As set forth below, this court should dismiss Defendant's petition because of the knowing and voluntary waiver of collateral relief in defendant's plea agreement, the clear terms of the plea agreement, and procedural default.

**Background**

Defendant Garrett was charged with participating in a scheme to defraud E*Trade Financial and the State Bank of Countryside, in violation of Title 18, United States Code, Section 1344.

In exchange for his substantial cooperation in the case of United States v. Tommy Christopher Cox, he entered into a 11(c)(1)(C) plea agreement with the government. Pursuant to the plea agreement, the parties agreed that the defendant would receive a sentence of 60% of the low end of the guideline range. *See* Plea Agr. Para. 13. The parties further agreed that defendant waived his right to appellate and collateral review, except "to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation." Plea Agr. Para. 22(C). The Court conducted the change of plea hearing and accepted defendant's plea of guilty on December 20, 2007. On April 10, 2008, defendant received a sentence of 12 months and one day imprisonment.

## Analysis

As a general matter, a Section 2255 petition affords a criminal defendant a very narrow basis for relief. That provision limits relief to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). A Section 2255 petition cannot raise: (1) non-constitutional issues that could have been raised on direct appeal, but were not; (2) issues that were raised on direct appeal, unless there is a showing of changed circumstance; (3) constitutional issues that were not raised on direct appeal. *Meeks v. United States*, No. 01 C 3156, 2003 WL 1989653, at *2 (N.D. Ill. Apr. 30, 2003).

Here, defendant's petition directly violates Rule 11(c)(1)(C) and the habeas waiver contained in his plea agreement, in addition to having procedurally defaulted his claim by failing to file an appeal

### I. Defendant waived his right to collateral relief

2

It is well-established that voluntary waivers of collateral attack and appellate review are voluntary and enforceable. *See, e.g., United States v. Behrman* 235 F.3d 1049, 1050-51 (7th Cir. 2000); *United States v. Peoples*, 134 Fed.Appx. 949 (7th Cir. 2005); *United States v. Johnson*, 22 Fed.Appx. 640 (7th Cir. 2001). In this case, defendant told the Court that he had reviewed the plea agreement, that he had signed it, and that he understood its various provisions, including the waivers therein. The grounds asserted by defendant for his collateral review do not fall into the narrow exception noted in the plea agreement–ineffective assistance of counsel with respect to the waivers–but rather state ineffective assistance with regard to the sentence imposed by the district court judge. Therefore, defendant is barred by his own plea agreement from review on the claim he states.

**II.     Defendant's plea agreement does not contemplate a sentence of probation.**

Even if defendant's claim was not barred by his signed waiver, defendant's claim would fail on the merits in light of the express provisions of defendant's plea agreement. Defendant bears a heavy burden in establishing an ineffective assistance of counsel claim. *Griffin v. Camp*, 40 F.3d 170, 173 (7th Cir. 1994); *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993). In order to establish an ineffective assistance of counsel claim a defendant must show: (1) that his attorney's representation fell below an objective standard of reasonableness (performance prong) and (2) that there exists a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different (prejudice prong). *United States v. Moya-Gomez*, 860 F.2d 706, 763 (7th Cir. 1988) (*citing Strickland v. Washington*, 466 U.S. 668, 694 (1984)). A defendant's failure to satisfy either prong of the *Strickland* test negates a court's need to consider the other prong. *Strickland*, 466 U.S. at 697. Here, defendant fails to establish either of these prongs.

Defendant asserts that he believed pursuant to the advice of his counsel that he would receive

a sentence of probation. However, such a sentence was never contemplated by his plea agreement, which was signed and accepted pursuant to Fed.R.Crim.P. 11(c)(1)(C), and noted Mr. Garrett's preliminary guideline calculation based on offense conduct and criminal history, nor was it contemplated by the Presentence Investigation Report, which Mr. Garrett asserted at sentencing that he had read. To the contrary, the sentence received by Mr. Garrett was 60 percent of his correctly calculated guideline range, as reflected in the PSR and as promised in the plea agreement.[1] A plea of guilty is a "grave and solemn act." *United States v. Ellison*, 798 F.2d 1102, 1106 (7th Cir. 1986). "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart,* 198 F.3d 984, 987 (7th Cir.1999). The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing. *United States v. Gwiazdzinski,* 141 F.3d 784, 788 (7th Cir.1998). Representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are therefore entitled to "a presumption of verity." *United States v. Pike,* 211 F.3d 385, 389 (7th Cir.2000). In this case, defendant, both in writing and orally to the Court, that he had read the plea agreement and PSR, and had reviewed them with his lawyer. Neither the plea agreement nor the PSR raised the possibility of a sentence of probation.

Thus defendant's claim of ineffective assistance fails in light of the express provision of the plea agreement, further reiterated at the change of plea hearing and in the PSR.

### III.     Defendant's Claims Are Procedurally Defaulted

Even if defendant were not barred from appealing–which, pursuant to the plea agreement, he

---

[1] The plea agreement's preliminary, predicted guidelines calculations were not correct–they were higher than Mr. Garrett's correct guideline range--but those in the PSR were accurate.

is--defendant's claims are procedurally defaulted because defendant failed to raise these issues on direct appeal. Furthermore, defendant's petition does not even address cause for and prejudice from failure to raise the issues on direct appeal.

A Section 2255 petition is not a substitute for direct appeal. *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999). The failure to raise claims on direct appeal, in most instances, is a complete bar to raising the claims in a Section 2255 petition. To overcome his procedural default, defendant must show: (1) actual cause excusing him from his procedural default, and (2) actual prejudice arising from the errors of which he complains. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993) (*citing United States v. Frady*, 456 U.S. 152 (1982)). The failure to establish both cause and prejudice is fatal to a defendant's claim for relief. *See Williams v. United States*, 805 F.2d 1301, 1306-07 (7th Cir. 1986). Constitutional errors not raised on direct appeal may not be raised in a Section 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Defendant's claims are procedurally defaulted because defendant failed to raise these claims on direct appeal and he does not even address cause and prejudice.

      **a.**      **Defendant Fails to Meet His Burden of Demonstrating Actual Cause for Failure to Raise Claims on Direct Appeal**

Defendant has failed to meet his burden of showing cause for his failure to pursue these claims on direct appeal. To establish cause, the defendant has the burden of showing some external impediment which prevented him from raising the claim earlier. *See United States v. Smith*, 241 F.3d

546, 548 (7th Cir. 2001) ("'Cause' means some impediment, and [defendant] does not contend that any outside force impeded his legal defense . . . ."); *Dawson v. United States*, 77 F.3d 180, 183 (7th Cir. 1996) (stating that the defendant has the burden to show good cause and prejudice).

Here, defendant does not contend that any outside force impeded his legal defense. In fact, defendant does not assert any cause for his failure to raise these claims on direct appeal. Every issue defendant raises now could have been raised prior to his sentencing, during his sentencing, or on direct review. Again, defendant has submitted no new affidavits or documents, or otherwise presented any newly discovered facts to support these claims. Because defendant fails to meet his burden of demonstrating actual cause for failure to raise these claims on direct appeal, these claims are procedurally defaulted.

    b.  **Defendant Fails to Meet His Burden of Demonstrating Actual Prejudice from His Failure to Raise Claims on Direct Appeal**

Even if defendant had met his burden of showing cause for his failure to pursue these claims on direct appeal, defendant's claims are still procedurally defaulted because he has failed to meet his burden of demonstrating actual prejudice from his failure to raise these claims on direct appeal. To prove actual prejudice the defendant:

> must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.

*Frady*, 456 U.S. at 170 (emphasis in original). The Supreme Court has added that "[s]uch a showing of pervasive actual prejudice can hardly be thought to constitute anything other that a showing that the prisoner was denied 'fundamental fairness' at trial." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). This

standard, coupled with the requirement of cause, is a "significantly higher hurdle" than the "plain error" standard applied on direct appeal. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991); *United States v. Mosley*, 967 F.2d 242, 243 (7th Cir. 1992) ("[B]lunders that would be 'plain error' on direct appeal do not authorize collateral relief").

Even assuming defendant had shown cause for his failure to present the claims on direct review, defendant does not assert any prejudice from his failure to present these claims on direct appeal. Further, none of the issues he has raised, in light of the totality of the evidence summarized above, would have affected the outcome. Therefore, because defendant fails to meet his burden of demonstrating actual prejudice from his failure to raise his claims on direct appeal, these claims are procedurally defaulted.

**Conclusion**

The undisputed facts show that Garrett has failed to exhaust his potential remedies prior to filing a petition for habeas corpus, and that there is no excuse for his procedural default. Therefore, his petition must be denied. No hearing is required to resolve the issues presented

in the petition because all relevant facts are contained in the record and overwhelmingly demonstrate that Garrett is not entitled to relief. *Dugan v. United States*, 18 F.3d 460, 464 (7th Cir. 1994).

                                          Respectfully submitted,

                                          PATRICK J. FITZGERALD
                                          United States Attorney

                          By:    s/Juliet S. Sorensen
                                JULIET S. SORENSEN
                                Assistant United States Attorney
                                219 South Dearborn Street
                                Chicago, Illinois   60604
                                (312) 886-8027

## CERTIFICATE OF SERVICE

I, Juliet S. Sorensen, Assistant United States Attorney, hereby certify that on August 15, 2008, I caused a copy of GOVERNMENT'S RESPONSE TO DEFENDANT LAMAR GARRETT'S PETITION TO VACATE, SET ASIDE, OR REDUCE SENTENCE to be mailed in a first-class, postage-paid envelope to Petitioner Lamar Garrett at the following address:

Lamar Garrett
Reg. No. 19947-424
FCI Oxford
Federal Correctional Institution
P.O. Box 1085
Oxford, WI 53952

By:   s/Juliet S. Sorensen
JULIET S. SORENSEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois   60604
(312) 886-8027